## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

MELISSA N. RAYBORN                                                    **PLAINTIFF**

**V.**                                              CIVIL ACTION NO. 1:23cv120 HSO-BWR

JACKSON COUNTY SCHOOL DISTRICT
(JACKSON COUNTY SCHOOL BOARD)
And JOHN D. STRYCKER, in his individual
capacity and official capacity as agent of the
Jackson County School District, UNKNOWN
ENTITIES 1-10; and JOHN DOES 1-10

### NOTICE OF REMOVAL

TO:   CLERK OF THE ABOVE-ENTITLED COURT:

Randy Carney
Jackson County Circuit and County Court Clerk
P.O. Box 998
Pascagoula, Mississippi 39568-0998
CIRCUIT AND COUNTY CLERK OF JACKSON COUNTY, MISSISSIPPI

Chuck McRae, Esq.
McRae Law Firm, PLLC
416 E. Amite Street
Jackson, Mississippi 39201
COUNSEL FOR PLAINTIFF

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. § 1441, defendants hereby

remove this action from the County Court of Jackson County, Mississippi, to the United

States District Court for the Southern District of Mississippi, Southern Division, and in

support hereof, state as follows:

1.      On December 19, 2022, plaintiff filed a complaint against defendants in the

County Court of Jackson County, Mississippi, in Cause No. 2022-21-461, seeking a

recovery based on the following alleged violations of law:   a right to free speech;

employment discrimination predicated on gender, religion, and age; retaliatory conduct; constructive discharge; civil conspiracy; and negligent infliction of emotional distress.

2.      A summons and complaint were served on defendant, John D. Strycker, Superintendent of the Jackson County School District, on April 17, 2023, and the removal hereby undertaken is timely.

3.      Attached as Exhibit "A" is a copy of the docket for the removed action, along with copies of the civil cover sheet, summonses, and complaint filed therein.  At this time, they constitute the only items previously filed in the state-court proceeding and, as such, compromise the complete court file that currently exists for this action.

4.      As defendants will explain, this civil action is one in which this U.S. District Court has original federal jurisdiction pursuant to 28 U.S.C. § 1331 and § 1441.  While plaintiff's claims purportedly rest on Mississippi law, this is also a case in which the vindication of a right under state law necessarily [turns] on some construction" of the First Amendment to the U.S. Constitution.  *Franchise Tax Board v. Construction Laborers Vacation Trust,* 463 U.S. 1, 9, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983).  In this action, therefore, plaintiff's right to relief necessarily depends on a substantial question of federal law that is in dispute.  Federal law is "in the forefront of the case and not collateral, peripheral or remote …."  *Textile Workers v. Lincoln Mills,* 353 U.S. 448, 470, 77 S.Ct. 912, 928, 1 L.Ed.2d 972 (1957).

5.      While plaintiff asserts claims for alleged free speech violations under Article 3, § 13 of the Mississippi Constitution, Mississippi caselaw clearly establishes that alleged violations of those provisions in our state's constitution are governed by the same requirements imposed by federal courts in interpreting the U.S. Constitution's

First Amendment. *Mississippi Commission on Judicial Performance v. Wilkerson,* 876 So.2d 1006, 1009 ftn.1 (Miss. 2004). Furthermore, those requirements are already before this court as a result of the free speech claims that are being asserted in the following companion case: *Melissa Rayborn v. Jackson County School District (Jackson County School Board), Superintendent John D. Strycker in his Individual and Official Capacity as Agent of the Jackson County School District; Unknown Entities 1-10; and John Does 1-10*, Civil Action No. 1:22-cv-00247-TBM-BWR.

6.      In addressing whether federal question jurisdiction lies for certain state-law claims that implicate significant federal issues, there is no "'single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between non-diverse parties." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 445 U.S. 308, 314, 125 S.Ct. 2363, 2368, L.Ed.2d 257 (2005). (quoting, in part, *Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 821, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988)). In *Grable,* the Court further explains, "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." 455 U.S. at 314, 125 S.Ct. 2368. A state-created claim thus arises under federal law for purposes of § 1331 "if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution and in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton,* 568 U.S. 251, 258, 133 S.Ct. 1059, 1065, 185 L.Ed.2d 72 (2013). In *Gunn,* the Court also specifically held that "[w]here all four of these requirements are met …, jurisdiction is proper …."

7.     In this case, the four (4) requirements for federal question jurisdiction specified in *Gunn v. Minton* clearly exist and can be easily satisfied.  Because alleged free speech violations under Mississippi's state Constitution are co-extensive with and governed by federal First Amendment law, a federal issue has necessarily been raised. That issue is also substantial, since it is outcome determinative.  In this regard, plaintiff's right to recovery necessarily depends on the resolution of federal First Amendment issues.  It is likewise clear that plaintiff's assertion of such a violation is in dispute, as defendants' answer to plaintiff's complaint in her previously filed No. 1:22-cv-00247-TBM-BWR aptly demonstrates.  Lastly, there can be no disruption of the federal-state balance, since claims for free speech violations, employment discrimination based on religion, gender, and age, retaliatory conduct, and constructive discharge are already being asserted in No. 1:22-cv-00247-TBM-BWR and rest on the same alleged factual occurrences as the claims being asserted in this action.

8.     There is also a substantial federal interest in seeing that the principles governing an application of the U.S. Constitution's free speech clause receive uniform interpretations, and the best way of insuring such uniformity is for federal courts to address those issues.

9.     The claims of employment discrimination asserted in the attached complaint likewise turn on a construction of federal laws, specifically, the substantial federal issues that exist under Title VII and the ADEA and are the very discrimination issues in dispute in plaintiff's previously filed No. 1:22-cv-00247-TBM-BWR.  In this case, Miss. Code Ann. § 25-9-149 is inapplicable, because that statute only covers certain employees of state agencies and departments and cannot be extended to local

governmental employees, such as an employee of a school district. Yet even so, in the Mississippi appellate decisions in which § 25-9-149 is relied upon in litigating disputes before the Mississippi Employee Appeals Board, all of the substantive caselaw that is cited and applied comes from Title VII and ADEA cases. *See, e.g., Kirk v. Mississippi Department of Public Safety,* 25 So.3d 144, 152-156 (Miss. App. 2017); *Mississippi Department of Human Services v. Baum,* 730 So.2d 58, 63 (Miss. 1998); and *Mississippi Employment Sec. Com'n. v. Collins,* 629 So.2d 576, 580-581 (Miss. 1993).

10.     Given the foregoing, all of the other claims plaintiff is asserting in the attached complaint are so related to her claims for free speech violations in this action, as well as to her other claims in the previously filed No. 1:22-cv-00247-TBM-BWR, that the district court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

11.     Pursuant to 28 U.S.C. § 1441, therefore, this Court has removal jurisdiction of this civil action.

12.     The U. S. District Court for the Southern District of Mississippi, Southern Division is the federal district court and division encompassing the location where this action was initially filed.

13.     All defendants are hereby joining in and consenting to this removal in keeping with the requirements of 28 U.S.C. § 1446(b)(2)(A).

14.     Pursuant to the requirements of 28 U.S.C. § 1446, contemporaneously with the filing of this notice of removal, defendants are filing a copy of same with the Clerk of the County Court of Jackson County, Mississippi and serving copies of both that notice and this notice on plaintiff's counsel.

15.    Defendants have not yet filed an answer or responsive pleading to the complaint, and all defenses are reserved.

WHEREFORE, defendants respectfully request that this Court proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the County Court of Jackson County, Mississippi be hereby stayed.

Respectfully submitted this the 15th day of May, 2023.

> JACKSON COUNTY SCHOOL DISTRICT, JACKSON COUNTY SCHOOL BOARD, and SUPERINTENDENT JOHN D. STRYCKER, in his Individual Capacity and as Agent of the Jackson County School District
>
>
> */s/ Joseph A. O'Connell*
> Joseph A. O'Connell, MSB No. 3903

Joseph A. O'Connell, MSB No. 3903
BRYAN NELSON P.A.
Post Office Drawer 18109
Hattiesburg, Mississippi 39404-8109
Telephone:   601-261-4100
Facsimile:   601-261-4106
E-Mail:       joconnell@bnlawfirm.com

<u>CETIFICATE OF SERVICE</u>

I, Joseph A. O'Connell, do hereby certify that I have this day electronically served the above and foregoing with the Clerk of Court using the ECF system, and via e-mail to the following:

Chuck McRae, Esq.
Annette Mathis, Esq.
McRae Law Firm, PLLC
416 E. Amite Street
Jackson, Mississippi 39201
E-Mail:  chuck@mcraelaw.net

*Attorneys for Plaintiff, Melissa Rayborn*

Randy Carney, Clerk
Jackson County County Court
P.O. Box 998
Pascagoula, Mississippi 39568-0998
E-Mail:  randy_carney@co.jackson.ms.us

*Clerk of Jackson County Court*

THIS 15th day of May 2023.

*/s/ Joseph A. O'Connell*